failed and refused to pay is based on the judgment of the Circuit Court of May 27, 1912, a judgment from which no appeal was taken and no writ of error prosecuted to reverse. That judgment was amended in form only and remains in full force. It is final and conclusive against the appellant on the question of the validity of the claim of appellees against the estate of Warren Springer. The amount of that judgment including interest from May 27 to July 24, 1912, was $25,190.97, and for that sum it was allowed as a claim against the estate, and the executrix in her just and true account included such claim as a liability of the estate. ·

The order of the Circuit Court entered October 29, 1913, affirming the order of the Probate Court appealed from was proper, as was the order and judgment that appellant pay to appellees the amount of their claim of $25,190.97 against the estate of Warren Springer, with interest, and the same is affirmed.

*Affirmed.*

Marguerite Springer, Executrix, Appellant, v. Wallace L. DeWolf et al., Appellees.

Gen. No. 20,928.   (Not to be reported in full.)

· Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed June 10, 1915.

### Statement of the Case.

Claim by Wallace L. DeWolf, Mary F. Kellogg and Lucy E. Bell, against the estate of Warren Springer, deceased, and Marguerite Springer, as executrix of the will of said Warren Springer, defendants.

May 27, 1912, a judgment was entered in the Circuit Court in favor of plaintiffs against defendants. After the expiration of the judgment term the judgment was amended by striking out the words, "Estate of Warren Springer, deceased," and adding, "as a claim of the seventh class, to be paid in due course of administration." From this order an appeal was taken and the order was affirmed by Branch B of this Court. *DeWolf v. Springer,* 190 Ill. App. 116. Before the amendment was made, a copy of the judgment was filed in the Probate Court as a proof of the claim of the plaintiffs in the judgment against the estate of Warren Springer. After the judgment was amended the claimants were given leave to file an amendment to their proof of claim as of the date of filing such claim. From this order an appeal was taken by the executrix of the will of Warren Springer to the Circuit Court, where the order appealed from was "confirmed" and leave given to file as an amendment to their proof of claim filed in the Probate Court, a copy of the order amending the judgment. From this order and judgment, the executrix appeals. See *Springer v. DeWolf, post,* p. 60.

EUGENE M. BUMPHREY, for appellant.

GEORGE W. WILBUR and WILLIAM T. ALDEN, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

EXECUTORS AND ADMINISTRATORS, § 227*—*when amendment of proof of claim properly allowed.* Following the decision in *DeWolf v. Springer,* 190 Ill. App. 116, *held* that the amendment of the proof of claim involved was properly allowed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.